# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

TAMMIE LAWRENCE,                    )
                                    )
              Plaintiff,            )    **CIVIL ACTION**
                                    )
v.                                  )    No. 09-1323-MLB
                                    )
MICHAEL ASTRUE, COMMISSIONER OF     )
SOCIAL SECURITY,                    )
                                    )
              Defendant.            )
_____)

## MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties and the court is prepared to rule. (Docs. 11, 16, 17, 20).

## I. General Legal Standards

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a

quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find

non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487. Before going from step three to step four, the agency will assess the claimant's

residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. § 404.1520(a)(4); 404.1520(f, g).

**II. History of Case**

On June 9, 2009, administrative law judge (ALJ) Edmund C. Werre issued his decision (R. at 7-22). Plaintiff alleged that her disability began February 1, 2003 (R. at 11). At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date (R. at 13). At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, history of hepatitis B & C, bipolar disorder, generalized anxiety disorder and polysubstance disorder (R. at 13). At step three, the ALJ found that plaintiff's impairments do not meet or equal a listed impairment (R. at 14). After establishing plaintiff's RFC, the ALJ found at step four that plaintiff cannot perform past relevant work (R. at 15). At step five, the ALJ found that plaintiff cannot perform other work which exists in significant numbers because of her substance use disorders (R. at 16). The ALJ then proceeded to consider plaintiff's disability if plaintiff was to cease the substance abuse. The ALJ found that plaintiff would be able to perform other work which exists in significant numbers and therefore concluded that plaintiff was not disabled at any time (R. at 21).

**III. Analysis**

    **A. Plaintiff's Substance Abuse**

Plaintiff argues that the ALJ erred in his determination whether alcoholism is a contributing factor material to the disability

-4-

determination. Plaintiff claims the ALJ failed to cite medical evidence supporting his conclusion that plaintiff's mental impairments would not be severe if plaintiff stopped using alcohol. The Commissioner argues that the ALJ properly based plaintiff's RFC on both physical and mental limitations, and determined that plaintiff would not be disabled if she stopped using alcohol and narcotics based on plaintiff's testimony during the hearing.

In 1996, Congress passed Public Law 104-121 amending the Social Security Act to add § 223(d)(2)(C) (codified at 42 U.S.C. § 423(d)(2)(C). Thereunder, if a claimant is disabled and also suffers from alcoholism or drug addiction, the Commissioner must determine whether the alcoholism or drug addiction is a contributing factor material to the determination of disability. If it is, the claimant is not "disabled" as defined in the Act. Drapeau v. Massanari, 255 F.3d 1211, 1215 (10th Cir. 2001). The key factor in determining whether alcoholism or drug addiction is a contributing factor material to the claim "is whether the Commissioner would still find the claimant disabled if he or she stopped using drugs or alcohol." Id.

In response to earlier amendments to the Act contained in the Social Security Independence and Program Improvement Act of 1994, Pub. L. 103-296 § 201 (1994) (codified at 42 U.S.C. §§ 405, 1383), the Commissioner promulgated regulations for determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability. 60 Fed. Reg. 8140, 8147, 8151 (Feb. 10, 1995) (codified at 20 C.F.R. §§ 404.1535, 416.935). Those regulations provide:

> (a) General. If we find that you are disabled and have

-5-

>     medical evidence of your drug addiction or alcoholism, we
>     must determine whether your drug addiction or alcoholism is
>     a contributing factor material to the determination of
>     disability.
>
>          (b) Process we will follow when we have medical
>     evidence of your drug addiction or alcoholism.
>
>               (1) The key factor we will examine in determining
>     whether drug addiction or alcoholism is a contributing
>     factor material to the determination of disability is
>     whether we would still find you disabled if you stopped
>     using drugs or alcohol.
>               (2) In making this determination, we will evaluate
>     which of your current physical and mental limitations, upon
>     which we based our current disability determination, would
>     remain if you stopped using drugs or alcohol and then
>     determine whether any or all of your remaining limitations
>     would be disabling.
>                    (i)   If  we  determine  that  your  remaining
>     limitations would not be disabling, we will find that your
>     drug addiction or alcoholism is a contributing factor
>     material to the determination of disability.
>                    (ii)  If  we  determine  that  your  remaining
>     limitations are disabling, you are disabled independent of
>     your drug addiction or alcoholism, and we will find that
>     your drug addiction or alcoholism is not a contributing
>     factor material to the determination of disability.

20 C.F.R. §§ 404.1535, 416.935.

Section 223(d)(2)(C) of the Act, as added in 1996, states: "An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). The regulations promulgated in 1995 apply to the determination whether drug addiction or alcoholism is a contributing factor material to determination of disability pursuant to 42 U.S.C. § 423(d)(2)(C) as amended in 1996.

Pursuant to the regulations, a finding of disability is a condition precedent to the determination whether alcoholism or drug

addiction is a contributing factor material to the disability determination. Drapeau, 255 F.3d at 1214. Therefore, the ALJ must first apply the five-step sequential evaluation process to determine whether a plaintiff's condition, including consideration of alcoholism or drug addiction, is disabling. Then, the ALJ must evaluate plaintiff's limitations remaining if she stopped using alcohol or drugs and determine whether those limitations would be disabling. Id. at 1214-15.

The hearing was held on February 24, 2009. The ALJ noted that plaintiff had a ten year history of daily cocaine use, continues to use alcohol daily, and tested positive for drug use in January 2009. The ALJ further noted that plaintiff has had problems with her relationships and jobs as a result of drug abuse. Plaintiff had also been hospitalized for drug treatment and incarcerated on drug charges. The ALJ referenced plaintiff's refusals to submit to urine examinations and progress notes which refer to plaintiff's speech as slurred. Moreover, plaintiff's statements regarding her previous drug and alcohol use were inconsistent which led the ALJ to diminish her credibility. (R. at 19). As a result, the ALJ found that plaintiff's drug and alcohol abuse, along with her other limitations prevented her from working.

Finding the existence of medical evidence of substance abuse, the ALJ went on to consider whether plaintiff's drug and alcohol addiction was "material" to his determination that plaintiff is disabled. The ALJ concluded that plaintiff's residual functional capacity would be slightly less restrictive if the effects of drugs and alcohol abuse were discounted by finding that plaintiff would only have "mild

difficulties" with concentration and that plaintiff's anxiety and bipolar disorder would be better under control without the presence of illicit substances and alcohol. (R. at 17). Thus, the ALJ concluded plaintiff's drug and alcohol addiction was material to the determination that plaintiff is disabled, and benefits were denied.

In <u>Salazar v. Barnhart</u>, 468 F.3d 615, 623 (10th Cir. 2006) the Tenth Circuit Court of Appeals discussed the process an ALJ must go through prior to concluding that drug and alcohol addiction is material to the conclusion a claimant is disabled. The opinion followed a teletype issued by the Commissioner pertaining to "situations where a claimant has one or more other mental impairments in addition to [drug and alcohol addiction]." <u>Id.</u> The Circuit noted that the teletype "stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the [drug and alcohol addiction] is not a contributing factor material to the disability determination." <u>Id.</u>

Significantly, the teletype instructs that where the record lacks any medical or psychological report, opinion, or projection as to the claimant's remaining limitations if she discontinued using drugs or alcohol, an ALJ should "find that [drug and alcohol addiction] is not a contributing factor material to the determination of disability." <u>Id.</u> at 624.

As plaintiff argues, the ALJ did not point to any specific report or conclusion from plaintiff's healthcare providers in support of the determination that cessation of drug and alcohol use would ultimately render her able to work. The ALJ admits that even if plaintiff stops

her substance abuse, "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms" but then discredits this outcome because the ALJ does not find plaintiff's testimony regarding her symptoms to be credible. (R. at 19). Without citation to any specific piece of evidence, the ALJ also stated "With regard to concentration, persistence or pace, the claimant would have mild difficulties if the substance abuse was stopped [in comparison to his previous finding that she would have marked difficulties with the substance abuse]. . . [and] The claimant is better able to work on focusing when she is not using illicit substances and/or alcohol." (R. at 17). The ALJ further found plaintiff's "relationships would improve if she quit drinking and did not use illicit substances. The claimant could make better use of her prescribed medication if she were not 'using.'" (R. at 17).

The decision at issue here also contains the deficiencies in Salazar. Specifically, the record is devoid of opinions or projections as to what plaintiff's remaining limitations would be if the effects of the drug and alcohol abuse are discounted. Plaintiff's medical records reference plaintiff's continued use of alcohol and narcotics. Additionally, plaintiff was advised on more than one occasion to obtain help at narcotics anonymous. Plaintiff also had visits with her providers in which the ALJ concluded that she could have been under the influence of alcohol or drugs. Moreover, plaintiff repeatedly failed to take drug tests when they were requested and tested positive on the one occasion in which she did comply. Based on a review of the record, the ALJ determined that the evidence supported the conclusion that plaintiff was "drinking and

-9-

using drugs during the timeframe of the most recent documented mental health treatment." (R. at 19).

Plaintiff admitted to daily use of cocaine and alcohol prior to her incarceration in April 2006. During her ten month incarceration, the medical notes include plaintiff's complaints of "depression including lethargy, lack of motivation, apathy, feelings of sadness, restlessness, and difficulty sleeping, as well as a history of manic episodes." (Doc. 20 at 4). The records, however, do not discuss any information regarding plaintiff's ability to work. Plaintiff's medical records after her release from prison indicate that plaintiff needed to seek treatment from narcotics anonymous. The records, however, do not indicate how plaintiff's limitations would differ if plaintiff sought and was successful with treatment.

In Salazar, the court concluded that the ALJ's decision that the drug and alcohol addiction was material to the determination that a disability existed was not supported by substantial evidence because "neither physician ever assessed whether [the plaintiff's] mental disorders were disabling in the absence of her [drug and alcohol addiction], and neither assessed her abilities in an independent work environment as required by the Commissioner's teletype." Id. at 625. In this case, the only expressed assessment of plaintiff's abilities in the absence of drug and alcohol addiction was the lone opinion issued by Mr. Born, a physician's assistant, and also signed by Dr. Lear, Mr. Born's supervising doctor. The ALJ discredited that opinion because Mr. Born was not a treating physician and Dr. Lear presumably signed the form in a supervisory capacity. The ALJ further discredited the opinion because he found that plaintiff was under the

continued use of drug and alcohol during her treatment with Mr. Born.

As previously noted, however, the ALJ did not turn to any other medical reports as a basis for his decision that plaintiff's addictions were material to the determination that she had a disability. With the exception of Mr. Born's report, a review of the medical file reveals no reports or evidence describing what plaintiff's remaining limitations would be if she discontinued drug and alcohol use. Because the record contains only evidence from Mr. Born regarding plaintiff's limitations without drug and alcohol use and there is no other evidence of the claimant's remaining limitations if drug and alcohol use ceased, "an administrative law judge should find that [drug and alcohol addiction] is not a contributing factor material to the determination of disability." Salazar, 468 F.3d at 624. Therefore, the failure to consider Mr. Born's report and conclude otherwise in the absence of medical evidence compels the conclusion that the ALJ's finding that plaintiff's drug and alcohol addiction was material to the determination that she is disabled is not supported by substantial evidence.

## IV. Conclusion

For these reasons, the court finds that this action should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. Since the case will be remanded, the court will not consider plaintiff's other arguments as a discussion might affect the administrative law judge's treatment of this case on remand. See Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003).

IT IS SO ORDERED.

Dated this   10th   day of February 2011, at Wichita, Kansas.

                                                s/ Monti Belot  
                                                Monti L. Belot  
                                                UNITED STATES DISTRICT JUDGE